**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JERICHO SCOTT LINKCHORST,<br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>*Commissioner of Social Security*,<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | NO. 4:25-CV-02351<br><br><br><br>(CAMONI, M.J.) |

## MEMORANDUM OPINION

Plaintiff Jericho Linkchorst brought this action under 42 U.S.C. § 1383(c)(3), seeking judicial review of the decision of the Commissioner of Social Security denying his request to reopen a prior denial of his disability application. Complaint, doc. 1 at 1; Transcript, doc. 10-2 at 23-24. Linkchorst challenges the Administrative Law Judge's (ALJ) decision on a constitutional basis and on a theory of *de facto* reopening. *See* Pl.'s Br., doc. 11 at 3. Because Linkchorst fails to state a due process claim, and no *de facto* reopening occurred, the Court will affirm the decision of the Commissioner.

# I. BACKGROUND

## A. Procedural History

Linkchorst filed three successive applications for supplemental security income benefits under Title XVI of the Social Security Act. Docs. 10-3 at 2 (2024); 10-10 at 96 (2021), 100 (2023). The 2021 and 2023 applications were initially denied, which Linkchorst did not appeal. *See* Case Activity, doc. 10-10 at 97, 101. With respect to the 2024 application, Linkchorst submitted an appeal of the initial denial and requested a hearing before an ALJ. Doc. 10-4 at 16. The ALJ conducted the hearing and found in Linkchorst's favor, determining that Linkchorst was disabled since March 1, 2024, the date of the third application. Doc. 10-3 at 35.

Linkchorst also moved to reopen and incorporate the 2021 and 2023 applications into the 2024 claim for benefits. Doc. 10-6 at 76. The ALJ held a hearing on the viability of the motion to reopen. Doc. 10-2 at 39. The ALJ determined that Linkchorst's 2023 application qualified for reopening, but the 2021 application did not. *Id.* at 23-24. Linkchorst filed a request for review of that decision, which the Appeals Council denied. *Id.* at 2. Pending before this Court is Linkchorst's action seeking judicial

review of the Commissioner's decision to not reopen his 2021 application. Doc. 1. This case is briefed (docs. 11, 13) and ripe for resolution. The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, including entry of final judgment. Doc. 7.

### B. Issues on Appeal

The ALJ denied Linkchorst's motion to reopen his 2021 application, finding that it did not meet any of the three conditions for reopening. *See* doc. 10-2 at 23-24; 20 C.F.R. § 416.1488. On appeal, Linkchorst argues that the ALJ's denial: (1) violated his constitutional right to due process; and (2) amounted to a *de facto* reopening. Doc. 11 at 3.

## II. <u>LEGAL STANDARD</u>

The Social Security Act limits judicial review to "final decisions" of the Commissioner. 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Secretary made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action"). Agency determinations, such as a Commissioner's decision refusing to reopen a claim for disability benefits, are not considered final decisions. *See*

*Califano v. Sanders*, 430 U.S. 99, 108 (1977); *Bacon v. Sullivan*, 969 F.2d 1517, 1519-20 (3d Cir. 1992), *abrogated on other grounds by Smith v. Berryhill*, 587 U.S. 471 (2019). Thus, federal courts lack jurisdiction to review the Commissioner's discretionary decision to decline to reopen a prior application. *Tobak v. Apfel*, 195 F.3d 183, 187 (3d Cir. 1999); *Rogerson v. Sec'y of Health & Hum. Servs.*, 872 F.2d 24, 28 (3d Cir. 1989) ("A district court does not have statutory jurisdiction under § 405(g) to review the Secretary's refusal to reopen a claim for benefits").

"Indeed, the opportunity to reopen final decisions and any hearing convened to determine the propriety of such action are afforded by the Secretary's regulations and not by the Social Security Act." *Sanders*, 430 U.S. at 108; *see* 20 C.F.R. § 416.1487 ("Generally, if you are dissatisfied with a determination or decision made in the administrative review process, but do not request further review within the stated time period, you lose your right to further review and that determination or decision becomes final."); 20 C.F.R. § 416.1488 (providing three conditions when a prior application may be reopened).

The statutory bar on judicial review is subject only to two exceptions. One, judicial review is proper when the Secretary's decision

is challenged on constitutional grounds. *Penner v. Schweiker*, 701 F.2d 256, 260 (3d Cir. 1983); *Sanders*, 430 U.S. at 109 ("when constitutional questions are in issue, the availability of judicial review is presumed"). Two, judicial review is available when a *de facto* or constructive reopening occurs. *Rogerson*, 872 F.2d at 29 n.5, citing *Purter v. Heckler*, 771 F.2d 682 (3d Cir. 1985).

## III. **DISCUSSION**

The Court begins with the threshold question: whether it may exercise jurisdiction to review the ALJ's discretionary decision to decline to reopen Linkchorst's prior disability application. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010). Generally, the Court lacks jurisdiction to review an ALJ's decision not to reopen a claim. *Tobak*, 195 F.3d at 187; 20 C.F.R. § 416.1487. Linkchorst, however, levels a constitutional challenge, which supplies jurisdiction. Doc. 11 at 3; *see Penner*, 701 F.2d at 260-61 (finding that a due process claim was sufficient to confer jurisdiction on the district courts). He also argues that the ALJ *de facto* reopened the 2021 application, another avenue that confers jurisdiction. Doc. 11 at 3; *Purter*, 771 F.2d at 685. Accordingly,

the Court will exercise its jurisdiction to review Linkchorst's challenge to the ALJ's decision to deny reopening his 2021 application.

### A. Due Process

First, Linkchorst argues that the ALJ's failure to reopen his 2021 disability application denied him due process of law. Doc. 11 at 3. The Commissioner does not address Linkchorst's argument.[1]

A due process challenge requires a plaintiff to specify a deprivation of a protected interest. *See Hill v. Borough of Kurtztown*, 455 F.3d 225, 233-34 (3d Cir. 2006); *Shoats v. Horn*, 213 F.3d 140, 143 (3d Cir. 2000). The Third Circuit has recognized such an interest in a due process challenge to an ALJ's decision not to reopen a claim when a plaintiff has asserted and demonstrated incompetency. *See Stauffer v. Califano*, 693 F.2d 306, 307 (3d Cir. 1982), citing *Sanders*, 430 U.S. at 109; *Cardyn v. Comm'r of Soc. Sec.*, 66 F. App'x 394, 398 n.2 (3d Cir. 2003). For instance,

[1] Although the Commissioner recognizes the constitutional claim exception to the bar on judicial review, the Commissioner fails to address Linkchorst's constitutional argument, focusing only on the merits of the ALJ's decision to deny reopening the 2021 application. *See* Def.'s Br., doc. 13 at 6 ("In short, the ALJ correctly found that there was no act of fraud or similar fault by the agency, precluding reopening"), 7 ("In this case, Plaintiff raises the first exception arguing that ALJ *de facto* reopened Plaintiff's 2021 application.").

in *Penner*, the Third Circuit found that a due process claim based on lack of competency conferred jurisdiction and compelled remand because a plaintiff, having had a lobotomy, could not pursue administrative remedies following an initial denial or receive adequate notice of a right to a hearing before an ALJ. 701 F.2d at 258-61. The due process claim must be supported by evidence that a plaintiff's constitutional rights were infringed during the administrative proceedings of his prior application. *Ogden v. Bowen*, 677 F. Supp. 273, 277 (M.D. Pa. 1987).

Here, Linkchorst's due process claim is based on his purported inability to appeal the initial denial of his 2021 application. *See* doc. 11 at 5, 7. Specifically, he contends that he could not appeal because the Social Security office was difficult to communicate with, it did not procure medical records, he did not have an attorney at the time, and he could not read and write well. *See id.*; Hr'g Tr., doc. 10-2 at 43-45. These allegations lack evidentiary support and are controverted by Linkchorst's own testimony. *See Ogden*, 677 F. Supp. at 277 (finding no merit in plaintiff's due process argument that his rights were infringed during the administrative proceedings on his prior applications because the plaintiff lacked evidentiary support); *Vertullo v. Colvin*, 89 F. Supp. 3d 756, 766

(W.D. Pa. 2015) (explaining that mere allegation of a due process violation is insufficient to raise a colorable constitutional claim).

First, at the hearing to determine whether to reopen his 2021 application, Linkchorst did not submit documentary evidence to substantiate these allegations. Doc. 10-2 at 24. Second, the ALJ found Linkchorst's testimony inconsistent. While suggesting that he submitted an appeal that may not have been read by the Commissioner because of Linkchorst's inability to read and write well, Linkchorst also testified that he did not receive the paperwork to appeal because it went to his ex-girlfriend. *Id.* at 24, 44 ("I tried to do the appeal process. I tried to put it in. . . . I can't really read and write perfectly, so that could be a problem. Social Security can't read my handwriting?"); 44-45 ("Like, the appeal process, when it would come in, . . . I was in the middle of my ex. . . . So, she might have got my application for my appeal process and just tore it up and threw it away."). Third, records establish that the Commissioner did obtain additional medical evidence to evaluate the 2021 application and made several unsuccessful attempts to schedule and communicate with Linkchorst. *Id.* at 24; doc. 10-10 at 98-99 (case notes and case activity).

The record, therefore, demonstrates that Linkchorst received due process in 2021 and from the ALJ who held a hearing to determine the viability of reopening the 2021 application. *See* doc. 10-2 at 39-40, 50, 53 ("Right now, I'm looking to see if I can reopen these claims under the law. I have to follow the regulations, and I'll do what I can."). Although Linkchorst contends that his mental impairments contributed to his failure to appeal in 2021 (doc. 11 at 7), Linkchorst neither argues nor suggests that he could not comprehend his right to appeal or receive adequate notice of appeal. Rather, it appears that either he did not receive the notice to appeal because it went to his ex-girlfriend, or he did receive the notice and his attempt to appeal was thwarted by bad handwriting. *See* doc. 10-2 at 44-45.

Accordingly, Linkchorst's due process claim will be denied. *See Carydn v. Comm'r of Soc. Sec.*, 66 F. App'x 394, 398 (3d Cir. 2003) (dismissing a due process argument where the plaintiff neither argued nor suggested that she failed to timely appeal because she was unable to comprehend her right as a result of a mental impairment); *cf. Penner*, 701 F.2d at 258-61 (remanding for consideration of whether mental

incapacity prevented the claimant from receiving adequate notice of the administrative process where a claimant had a lobotomy).

### B. *De Facto* Reopening

Linkchorst next argues that the ALJ constructively reopened his prior application by reviewing and citing his records from the 2021 application. *See* doc. 11 at 7-8. The Commissioner contends that the medical evidence related to the 2021 application was limited and the ALJ's analysis was confined to the period relevant to the 2023 and 2024 applications. Doc. 13 at 7-8. The Court agrees.

When an ALJ reviews the entire claim and renders a final decision on the merits of the disability application after a hearing, a constructive reopening occurs. *Ogden*, 677 F. Supp. at 275, citing *Purter*, 771 F.2d at 693. Limited reference to the medical records for the purpose of determining whether to reopen a prior application does not amount to a *de facto* reopening. *See id.* at 276; *Vertullo*, 89 F. Supp. 3d at 765 (finding no *de facto* reopening where the ALJ focused her entire opinion on one previous application and avoided addressing the merits of the other claims). "Of course, when presented with a request to reopen earlier applications, the Secretary must look into the facts of those applications

to determine whether there is cause to reopen them." *Byam v. Barnhart*, 336 F.3d 172, 181 (2d Cir. 2003).

Here, the ALJ held a hearing solely for the purpose of determining whether to reopen Linkchorst's prior applications. Doc. 10-2 at 39. And the ALJ did not address the merits of the 2021 application in his decision. Doc. 10-2 at 25, 33 (determining disability from June 30, 2023). Instead, the ALJ limited the discussion of Linkchorst's 2021 application at the start of his decision, solely to deny the request to reopen, and did not make findings of fact or conclusions of law on that application. *See id.* at 23-25; *see McGowen v. Harris*, 666 F.2d 60, 67 (4th Cir. 1981) ("the threshold inquiry into the nature of the evidence should not be read as a reopening of this claim on the merits."). Because the ALJ only considered the 2021 application under the regulations governing reopening, and did not reach its merits, a *de facto* reopening did not occur. *See Haas v. Bowen*, 694 F. Supp. 85, 89 (M.D. Pa. 1987) (holding that *de facto* reopening did not occur because the ALJ limited discussion to reopening of the first application and only discussed the merits of a claimant's third application).

Linkchorst argues that because the ALJ referred to medical records from 2021, that constitutes consideration of the 2021 application and a decision on the merits. Doc. 11 at 8. But the ALJ only considered the 2021 medical records as they pertained to the 2023 and later claims of disability. Doc. 10-2 at 26. The ALJ also considered 2016 records as background to claims of mental health impairments. *Id.* at 27. None of that discussion constituted consideration of whether Linkchorst was disabled during the period relevant to the 2021 claim, nor did it result in a *de facto* reopening. This is particularly true where the ALJ articulated a thorough analysis of the reopening question with respect to the 2021 claim and denied the motion. Linkchorst's *de facto* reopening argument fails.

## IV. CONCLUSION

Accordingly, the Commissioner's decision will be **AFFIRMED**.

An appropriate order follows.

Date: November 16, 2026

s/*Sean A. Camoni*
Sean A. Camoni
United States Magistrate Judge